■ In the Matter of RACHEL Y., a Person Alleged to be a Juvenile Delinquent, Appellant.

The Family Court determined, pursuant to the uncontroverted evidence that the appellant had committed an act which if committed by an adult, would have constituted theft of services in violation of Penal Law § 165.15 (3). The appellant was remanded to the custody of the Division For Youth pending the Family Court's dispositional order. At that time, the court ordered the preparation of an investigation and report by the Probation Department and a mental health study. The appellant, however, as she had done four times previously in connection with prior PINS proceedings, absconded from the interim residence to which she had been remanded. Accordingly the mental health evaluation was never prepared.

When the appellant was finally returned pursuant to a bench warrant approximately seven months later, the Family Court proceeded with its dispositional hearing. The court considered, *inter alia,* an updated investigation and report, and a detailed psychological report prepared approximately 3½ years earlier by the Euphrasian Residence in which the appellant had previously resided in connection with her PINS designation. That thorough report detailed the appellant's development and personal history, and in part formed the basis for the Probation Department's recommendation that appellant be placed in a Title II, out-of-region facility for a period of up to 12 months. The court ultimately adopted this recommendation.

The appellant contends that this report was outdated and obsolete and hence the court improperly exercised its discretion in placing her without an updated mental health evaluation. This contention is without merit.

In the instant matter the Family Court did indeed order that both an investigation and report and a psychological report be prepared and only the fact that the appellant deliberately absconded prevented the appropriate authorities from complying with the court's order. Ultimately, however, the Family Court was in possession of an up-to-date investigation and report, and the Euphrasian Report, which the appellant failed to establish was no longer accurate in its diagnosis or recommendations. Additionally the court considered the appellant's past behavior which included allegations of prostitution after her latest flight from custody. Considering all of the information before the court, its dispositional order finding the appellant to be a juvenile delinquent and ordering her placement with the Division For Youth in an open, out-of-region facility, was not an improvident exercise of discretion and was clearly the least restrictive alternative which would serve the appellant's best interests. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.